# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-304

**KWAN ANDERSON**

**VERSUS**

**WANDA BAILEY, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 74,217
HONORABLE CHUCK R. WEST, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## PHYLLIS M. KEATY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Phyllis M. Keaty, and David Kent Savoie, Judges.

**AFFIRMED.**

Guy O. Mitchell
Mitchell Law Offices
225 Court Street
Ville Platte, Louisiana 70586-4492
(337) 363-0400
Counsel For Plaintiff/Appellant:
    Kwan Anderson

**Joseph T. Puhekker**
**Leah B. Guilbeau & Associates**
**Caffery Plaza, Suite 100**
**4023 Ambassador Caffery Pkwy.**
**Lafayette, Louisiana  70503**
**(337) 988-7240**
**Counsel for Defendants/Appellees:**
    **Wanda Ardoin-Bailey**
    **State Farm Fire & Casualty Company**

**KEATY, Judge.**

Plaintiff, Kwan Anderson, appeals the trial court's granting of summary judgment in favor of Defendants, Wanda Ardoin-Bailey and State Farm Fire & Casualty Company. For the following reasons, the trial court's judgment is affirmed.

## FACTS AND PROCEDURAL BACKGROUND

This personal injury lawsuit arose when Anderson sustained injuries on September 7, 2012, after falling through the floor of a home rented by his girlfriend and mother of his child, Meagan Thomas. The portion of the floor that Anderson fell through was weak, which was noted in the lease executed approximately three months earlier on June 9, 2012 between Thomas and the home's owner, Ardoin-Bailey. The lease provided that Thomas was responsible for the home's condition and stated that Thomas agreed to repair the floor in question in exchange for a reduction in monthly rent. The floor was never repaired.

As a result of Anderson's fall and injuries, he filed a Petition for Damages against Ardoin-Bailey and her insurer, State Farm. Defendants answered and asserted a third-party demand therein against Thomas, requesting enforcement of the applicable lease provisions and indemnification for any damages should the trial court assess same against Defendants. Defendants also filed a Motion for Summary Judgment. At the hearing on the Motion for Summary Judgment, Defendants presented their legal arguments and admitted into evidence the lease, Ardoin-Bailey's affidavit, and portions of Thomas' deposition testimony. After the trial court considered Defendants' argument and memoranda, along with Plaintiff's brief since his counsel waived oral argument, it granted summary judgment in open court. Plaintiff's counsel subsequently appeared after the trial

court's oral ruling and, despite Defendants' counsel's objection, Plaintiff's counsel was allowed to present oral argument. Thereafter, the trial court again granted Defendants' Motion for Summary Judgment and dismissed Plaintiff's suit at his cost pursuant to its Judgment dated January 21, 2015.

On appeal, Plaintiff's sole assignment of error is that the trial court erred in granting Defendants' Motion for Summary Judgment.

## STANDARD OF REVIEW

"Summary judgments are reviewed de novo, applying the same standard to the matter as that applied by the trial court." *Southpark Cmty. Hosp., LLC v. Southpark Acquisition Co., LLC*, 13-59, p. 13 (La.App. 3 Cir. 10/30/13), 126 So.3d 805, 814, *writ denied*, 13-2794 (La. 2/28/14), 134 So.3d 1175. Judgment is rendered "if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B)(2).

> A fact is material when its existence or nonexistence may be essential to a plaintiff's cause of action under the applicable theory of recovery. "[F]acts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute." In other words, a material fact is one that would matter on the trial on the merits. "Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits."

*Southpark Cmty. Hosp., LLC*, 126 So.3d at 815 (citations omitted).

## DISCUSSION

Plaintiff's sole assignment of error is that the trial court erred in granting Defendants' Motion for Summary Judgment although he frames the issue as whether the lease released the lessor, Ardoin-Bailey, from liability arising from

2

injuries sustained by an alleged third-person visitor, Anderson. We first consider the substantive law governing the litigation in order to determine whether a material fact exists. *Id*.

A lease is a synallagmatic contract requiring both the lessor and the lessee to perform certain obligations. *Id*. The lessor's obligations include delivering the thing that is the subject of the lease to the lessee, maintaining it in suitable condition, and ensuring the lessee's peaceful possession during its duration. *Id.* and La.Civ.Code art. 2682. The lessee's obligations include paying rent pursuant to the lease's terms, prudently administering the lease according to its terms, and delivering the thing to the lessor at the lease's end. *Southpark Cmty. Hosp., LLC*, 126 So.3d 805 and La.Civ.Code art. 2683.

Utilizing the foregoing law, we will review the evidence to determine whether Ardoin-Bailey and Thomas performed their obligations. The lease was entered into by and between Ardoin-Bailey as the "Owner" and Thomas as the "Tenant" for rental of the house at issue. Ardoin-Bailey signed the lease on June 3, 2012, and Thomas signed it on June 9, 2012. The lease provides: "As the rental payment is $300 per month instead of $400 per month, the Tenant agrees and is fully responsible for ALL repairs and upkeep to the residence. Tenant also agrees to repair floor, paint walls, and add flooring and will do so in a timely manner." Thomas, therefore, received a rental reduction in exchange for her promise to timely repair the floor at issue.

In her deposition testimony, Thomas testified that she signed the lease. Her testimony reveals that she negotiated with Ardoin-Bailey for a rental reduction in exchange for Thomas' promise to fix the floor. Thomas testified that she told

3

Ardoin-Bailey that her paw paw, who was a carpenter, would repair the floor. Her testimony reveals that Anderson lived with her as soon as she moved in.

Another lease provision provides, in pertinent part: "A pre-rental walk-through was conducted on June 2, 2012 by the tenant and owner representative. I[, Thomas,] acknowledge the property is in good condition, and I[, Thomas,] accept the responsibility of the property." Thomas, therefore, viewed the property, agreed that it was in good condition, and accepted responsibility for same. Since the lease provides that Thomas agreed "to be bound by the terms and conditions of" the lease, her responsibility included fixing the floor as she promised, which promise Ardoin-Bailey relied upon in reducing the rent. Thomas' deposition testimony reveals that her paw paw never repaired the floor and that the area of the floor he was supposed to repair is the same area through which Anderson fell.

Thomas' testimony is confirmed by Ardoin-Bailey's affidavit wherein she attested to the execution of the lease and the pre-rental walkthrough. During this pre-rental walkthrough, Ardoin-Bailey indicated that Thomas acknowledged the home's good condition and accepted responsibility for same in accordance with the terms of the lease. Ardoin-Bailey swore that she reduced the monthly rent by $100 in exchange for Thomas' "promise to add flooring and repair floors." Despite the foregoing, Ardoin-Bailey indicated that after Thomas moved into the house, she "did not receive any complaints regarding the condition of the [p]remise's floors, nor did anyone inform [her] that Ms. Thomas failed to make the flooring repairs required by the Lease."

Based on the above evidence, Ardoin-Bailey fulfilled her obligations as a lessor. On the other hand, the evidence shows that Thomas failed to fulfill her obligations as a lessee. Pursuant to the lease's terms, Thomas assumed the

4

responsibility for the condition of the house, including the responsibility to repair the floor at issue. This assumption of responsibility relieves Ardoin-Bailey from liability pursuant to La.R.S. 9:3221, which provides:

> Notwithstanding the provisions of Louisiana Civil Code Article 2699, the owner of premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time.

Louisiana Revised Statutes 9:3221 was discussed by this court in *O'Neill v. Thibodeaux*, 97-1065, p. 23 (La.App. 3 Cir. 3/6/98), 709 So.2d 962, 974, *writs denied*, 98-741, 98-870 (La. 5/1/98), 718 So.2d 416, 420 (citations omitted), as follows:

> [I]n order for an owner-lessor to escape liability under a lease pursuant to La.R.S. 9:3221, he must prove that the lessee assumed responsibility for the condition of the premises under the contract of lease, that the injury must have occurred either to the lessee or anyone on the premises with the permission of the lessee, and that he did not know nor should have known of the defect.

In the instant matter, Ardoin-Bailey initially knew of the weak floor. Her responsibility for its condition, however, ceased when they executed the lease pursuant to its terms and conditions, that is, a reduction in monthly rent in exchange for Thomas' promise to fix the floor. There is no evidence indicating that Ardoin-Bailey was told that the floor had never been fixed following the execution of the lease and prior to Anderson's fall. We, therefore, agree with the trial court's oral ruling that "there is no genuine issue of material facts in this particular case."

Anderson also contends that since he was a third-person visitor rather than a resident, Ardoin-Bailey is liable for his injuries. Thomas' deposition testimony

that Anderson lived with her as soon as she moved in directly contradicts his allegation. The trial court granted summary judgment based upon her deposition testimony and the absence of any evidence submitted by Plaintiff in contravention of Defendants' summary judgment evidence. We find that the trial court was correct in this regard.

## DECREE

The trial court's granting of summary judgment in favor of Defendants, Wanda Ardoin-Bailey and State Farm Fire & Casualty Company, is affirmed. All costs of this appeal are assessed to Plaintiff, Kwan Anderson.

**AFFIRMED.**